IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

**WILLIAM VALENTIN-MAÑON,**
    Petitioner,

    v.

**UNITED STATES OF AMERICA,**
    Respondent.

**CIVIL NO. 06-2251 (PG)**

## OPINION AND ORDER

    Petitioner Valentin-Mañon (hereinafter, "Petitioner" or "Petitioner Valentin-Mañon") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. (D.E. # 2). The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 9). For the reasons stated below, Petitioner Valentin-Mañon's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

    On August 1, 2005, Petitioner pled guilty to Counts One, Two, and Three of the Indictment filed in criminal case number 04-217 (PG). (D.E. # 167). Count One charged a conspiracy to defraud the United States (18 U.S.C. Section 371); Count Two charged bank robbery and aiding and abetting (18 U.S.C. Sections 2113(a)(d) and 2). Count Three charged aiding and abetting in the unlawful possession of a firearm in relation to a crime of violence (18 U.S.C. Sections 924 (c) and 2). Sentencing was held on December 9, 2005. (D.E. # 206). Petitioner was sentenced to a term imprisonment of sixty (60) months as to Count One, three hundred sixty five (365) months as to Count Two, concurrent with each other, and eighty four (84) consecutive months as to Count Three, for a total imprisonment term of four hundred forty nine (449) months. Concurrent terms of supervised release of three (3) years as to Count

Civil No. 06-2251 (PG)                                                                                                        Page 2

One, and five (5) years as to each of Counts Two and Three, and a special monetary assessment of three hundred ($300.00) dollars were also imposed. (D.E. # 217). Judgment was entered on December 20, 2005. No direct appeal was filed. Judgment and conviction became final on January 2, 2006. Defendant Valentin-Mañon's petition for relief pursuant to section 2255 was filed on December 12, 2006.

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Valentin-Mañon claims that Counsel was ineffective for failing to challenge in the pre-sentencing report and at sentencing the imposition of the career offender guideline (U.S.S.G. Section 4B1.1)[1]

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient, and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687 (1984). In

---

[1] In the pertinent part U.S.S.G. Section 4B1.1, the career offender guideline, reads:
a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI..

| Offense Statutory Maximum | Offense Level [FN*] |
|---|---|
| A)   Life | 37... |

[FN*] If an adjustment from Section 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Id. at 689. In order to show prejudice, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52 (1985). To meet the first part of the Strickland test a counseled guilty plea must be based on advice which is within the range of competence demanded of attorneys in criminal cases. Id. at 56. A guilty plea is valid only if it is based on a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25 (1970). In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have proceeded to trial. Hill, 474 U.S. at 59. A defendant who pleads guilty upon advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. at 56.

Petitioner's claim of ineffective assistance of counsel for failing to challenge the career offender status is contrary to the record. The record reflects that at the change of plea hearing the Court advised Petitioner on the career offender guideline, and if applicable, how this would affect his sentence. Petitioner acknowledged understanding the guideline and its effect:

THE COURT: ...Now, I understand from having spoken with your attorneys prior to coming to this hearing, because of prior criminal record, either one of you or both of you could be considered career offenders. And, of course, that would mean that whatever sentence the Court imposes, it necessarily would be a higher sentence, based on your prior criminal record.

So whatever sentence the Court imposes will be a career offender as defined in the law, one, the defendant being at least 18 years of age at the time he commits the offense to which you are pleading guilty; that this offense would be a felony – which it is: bank robbery and possession of firearms; and also that the defendant has at least two prior convictions, which are either crimes of violence or crimes of controlled substance.

And, therefore, if the Court finds that either of you or both of you are career offenders, then the Court will include a Criminal History Category of VI in the calculations, which would put you at a much higher range of sentences than if you are not a career offender. Do both of you understand that?

DEFENDANT WILLIAM VALENTIN MAÑON: Yes.

(C.O.P. Tr., pp. 19-20).

At sentencing, after Petitioner accepted responsibility for each of his prior felony convictions, the Court acknowledged the discretionary nature of the guidelines and determined that the same were applicable to the case at bar. The Court then ruled that Petitioner was a career offender:

THE COURT: [N]onetheless, the defendant is a career offender as defined under the Guideline 4B1.1, and as such, the total offense level is increased to 37.

Since the defendant accepted responsibility for the commitment of the offense in a timely manner and expressed remorse, a two-level decrease is warranted pursuant to Guideline 3E1.1(a)....

The reason that you are a career offender pursuant to Guideline 4B1.1 is because in 1991 you were found guilty of second degree murder; you were sentenced to twenty years. Do you agree with that?

THE DEFENDANT: Yes, sir.

THE COURT: Also, in 1991 you were found guilty of weapons law; you were sentenced to five years of imprisonment. Do you agree with that?

THE DEFENDANT: Yes.

THE COURT: In 1996 you were found guilty and sentenced for a charge of robbery, to 64 months. Do you agree with that?

Civil No. 06-2251 (PG) Page 5

THE DEFENDANT: Yes, sir.

THE COURT: Since you have two prior convictions for violent crimes, then you become a career offender.

In light of the cases of Booker and Fanfan, the Court has determined that although the sentencing guidelines are advisory, the pre-sentence investigation report has adequately applied the guideline computations and satisfactorily reflected the components of this offense by considering the nature of the circumstances of the offense and the history and characteristics of the defendant, as set forth in Title 18, United States Code, Section 3553.

In order to reflect the seriousness of the offense, to promote respect for the law, and to take into account defendant's violent history and propensity to recidivate, it is the judgment of this Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 365 months as to Count 2, and 60 months as to Count 1, said terms to be concurrent with each other.

As to Count 3, the defendant is hereby sentenced to 84 months of imprisonment, to be served consecutively to the terms imposed in Counts 1 and 2 as mandated by the law, for a total imprisonment term of 449 months.

(C.O.P. Tr., pp. 11-13).

Since Petitioner met all the statutory requirements of the career offender guidelines, Counsel had no obligation to challenge the imposition of career offender status. Such a claim would have been meritless since Petitioner accepted responsibility for each of his prior felony convictions. See Jackson v. United States, No. 06-4698, 2007 WL 656685, at *4 (E.D.Pa. Feb. 26, 2007); United States v. Ealey, 230 F.3d 1364 (8th Cir. 2000); Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991); Shah v. United States, 878 F. 2d 1156, 1161 (9th Cir. 1989). Petitioner's claim of ineffective assistance of counsel fails since he has not shown how he was prejudiced by Counsel's failure to challenge the applicability of the career offender guideline.

Civil No. 06-2251 (PG)            Page 6

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **VALENTIN-MAÑON** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **VALENTIN-MAÑON'**s request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 2) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2010.

                                       **S/JUAN M. PEREZ-GIMENEZ**
                                       **JUAN M. PEREZ-GIMENEZ**
                                       **Senior United States District Judge**