**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RAFAEL VALENTIN-MANON,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIV. NO. 06-2251 (PG) |

### ORDER

On December 20, 2010, the First Circuit Court of Appeals held that the career offender guidelines calculations made by this court in sentencing petitioner Rafael Valentin-Manon (hereinafter "Valentin", "Petitioner" or "defendant") were incorrect, and thus, remanded the case to allow the district court to reevaluate the Petitioner's claim that defense counsel was ineffective for failing to object to miscalculations of the sentencing guidelines.

In recalculating the Valentin's sentence in accordance with the First Circuit Court of Appeal's ruling, the court notes as follows. On August 1, 2005, defendant pled guilty to Counts One thru Three of the Indictment in Criminal Case No. 04-217(PG), charging violations to 18 U.S.C. §§ 371, 2113(a), 924(c). Pursuant to U.S.S.G. § 2K2.4, there is a statutorily required minimum imprisonment term of at least seven (7) years for Count Three. As per U.S.S.G. § 3D1.2(d), Counts One and Two are grouped together into a combined offense level since the offense level is determined largely on the basis of the total amount of harm and loss. The guideline for 18 U.S.C. § 2113 offenses is found in Section 2B3.1 of the Unites States Guidelines and provides that offenses involving robbery have a base offense level of 20. Based on the nature of the bodily injury sustained by the victim(s) and since there were death threats made to the victims, the base offense level is increased by 5 levels pursuant to U.S.S.G. § 2B3.1(b)(2)(E) and § 2B3.1(b)(3)(D). Since the property of a financial institution was taken, a further 2 level increase is warranted pursuant to U.S.S.G. § 2B3.1(a). In addition, because the loss was more than $50,000 but less than $250,000, the offense level is increased by 2 levels under U.S.S.G. § 2B3.1(b)(7)(C). Because the defendant was at least eighteen years old at the time he committed the instant offense, the same is

CIV. NO. 06-2251 (PG)                                                    Page 2

a felony that is a crime of violence and the defendant has at least two prior felony convictions for crimes of violence. Therefore, the defendant is considered a career offender and, in accordance with U.S.S.G. § 4B1.1, the base offense level is increased to 34. A career offender's criminal history in every case is VI. Because the defendant demonstrated his acceptance of responsibility, a 2-level decrease is applied pursuant to U.S.S.G. § 3E1.1(a). As a result, based on a total offense level of 32 and a Criminal History Category of VI, the Guideline Imprisonment Range in this particular case is between 210 to 262 months with a fine range of $17,500 to $175,000 plus a supervised release term of at least two but not more than three years as to Count One and at least three but not more than five years as to Counts Two and Three. In addition to the foregoing, we must also consider the statutorily required minimum imprisonment term of 7 years, or 84 months, as to Count Three.

Pursuant to all of the above, it is the sentence of this Court that defendant Rafael Valentin-Manon is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of 294 months (210 months as to Counts One and Two plus 84 months as to Count Three consecutive to Counts One and Two).

On appeal, the Petitioner also contended that counsel was ineffective for failing to file a direct appeal. To that effect, the First Circuit Court of Appeals held that "[s]ince petitioner did not specifically allege that he wished to appeal his sentence or that he directed counsel to file a notice of appeal, in order to assess petitioner's claim, the district court was required to inquire into whether counsel consulted with petitioner about the advantages and disadvantages of appealing and made a reasonable effort to determine petitioner's wishes." See Docket No. 21. As a result, the case was remanded to allow the district court to assess Valentin's claim that counsel was ineffective for failing to file a notice of appeal. See Docket No. 22. According with the First Circuit's ruling, the matter is thus referred to Magistrate Judge Camille Vélez-Rivé for the issuance of a Report and Recommendation on this particular claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 3, 2011.

                                          S/ JUAN M. PEREZ-GIMENEZ
                                          JUAN M. PEREZ-GIMENEZ
                                          U.S. DISTRICT JUDGE